**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MUKHAMMED ALI PASHAEV,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. CIV-26-1636-D** |
| **v.** | ) | |
| | ) | |
| **CHRIS GANTT, et al.,**[1] | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Mukhammed Ali Pashaev, a noncitizen,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Respondents filed a response, Doc. 10, and Petitioner has replied, Doc. 11. So the matter is at issue.

[1] Chris Gantt, Warden of the Cimarron Correctional Facility, is not a federal official and the Government did not file its response on his behalf. Doc. 10, at 1 n.1.

[2] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[3] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

For the reasons set forth below, the undersigned recommends the Court grant Petitioner's request for habeas relief in part, and order Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within ten days or otherwise release Petitioner.

## I. Factual background and procedural history.

Petitioner is a Russian citizen who arrived in the United States in 2022. Doc. 1, Ex. 1, at 1. Petitioner was granted work authorization in 2024. Doc. 1, Ex. 4. On December 4, 2025, Petitioner was served with a Notice to Appear, charging him as "an alien present in the United States who has not been admitted or paroled," and commencing removal proceedings. Doc. 1, Ex. 1. Immigration and Customs Enforcement detained Petitioner on June 17, 2026. Doc. 1, at 2. He is currently detained in the Cimarron Correctional Facility in Cushing, Oklahoma. *Id.*, at 7. His removal proceedings are ongoing.

## II. Petitioner's claims.

Petitioner asserts his detention without an individualized custody hearing violates his Fifth Amendment right to due process. *Id.*, at 13. He seeks immediate release or an individualized bond hearing. *Id.* at 17-18. He also seeks an award of costs and fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. *Id.* at 18.[4]

[4] Any application for fees must be filed within thirty days of final judgment. *See* 28 U.S.C. § 2412(d)(1)(B).

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## IV. Discussion.

### A. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b).

Petitioner asserts he is entitled to release or a bond hearing. Doc. 1, at 16-17. Respondents concede that the matter is "controlled by" the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Doc. 10, at 1.

Petitioner was present in the country for nearly four years and obtained a valid work authorization before he was detained by ICE. Doc. 1, at 6, 7. "Under those circumstances, Petitioner's detention is more naturally characterized as detention 'pending a decision on whether the alien is to be

removed from the United States' within the meaning of § 1226(a)." *Zhakhonov v. Grant,* No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). The Court should thus conclude that Petitioner's present detention "is governed by [8 U.S.C.] § 1226(a), not § 1225(b)[]." *Id.; cf. Santillan Quiroz*, 180 F.4th at 1240 ("Based on the statutory text and context, we conclude that § 1225(b)(2)(A)'s application is limited to the border.").

**B. Petitioner is entitled to a bond hearing under § 1226(a).**

Because Petitioner is detained under § 1226(a), the undersigned concludes a bond hearing is the appropriate remedy. And Petitioner agrees. *See* Doc. 11, at 2.

"Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov*, 2026 WL 1865418, at *3; *see, e.g.*, *Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond").

According to Petitioner, the Government has not provided him with an individualized custody determination since his detention. Doc. 1; *see, e.g.*, *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to

provide Petitioner with a bond hearing under § 1226(a). *Zhakhonov*, 2026 WL 1865418, at *3; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days or otherwise release Petitioner. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").

### C. The Court should decline to address Petitioner's remaining claims.

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address the merits of Petitioner's remaining claims for relief. As Petitioner recognizes, the Court can grant him relief under § 1226(a). Doc. 11, at 5 ("The Court may [] grant the complete and immediate statutory remedy required by Santillan Quiroz without deciding broader constitutional questions at this stage."); *see Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 n.2 (W.D. Okla. July 14, 2026) (declining to address the petitioner's remaining claims after ordering a bond hearing).

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court grant Petitioner's habeas petition in part and **order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within ten days or else release Petitioner from custody.** The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order and promptly providing a

copy of this order to counsel for the Warden of the Cimarron Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by September 12, 2026,[5] in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 2nd day of September, 2026.

---

[5] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE